```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAYLEA GUDDECK, et al.           :      CIVIL ACTION
                                 :
          v.                     :
                                 :
SMITHKLINE BEECHAM CORP.         :
d/b/a GLAXOSMITHKLINE            :      NO. 13-3696
```

MEMORANDUM

Bartle, J.                                          July 24, 2013

       Plaintiffs Kaylea Guddeck, a minor, as well as her mother and guardian Julie Guddeck have sued defendant SmithKline Beecham Corp.[1] ("GSK") for personal injuries allegedly suffered as a result of Julie Guddeck's ingestion of defendant's anti-depressant drug Paxil during her pregnancy.  Plaintiffs assert that the drug caused Kaylea Guddeck to have a critical neural tube defect necessitating major surgery.  They have claims for negligence, breach of warranty, and strict liability.  Before the court is the motion of plaintiffs to remand this action to the Court of Common Pleas of Philadelphia County.

       This case has had a protracted procedural history.  It was originally filed in the state court on September 30, 2011 and then timely removed based on diversity of citizenship.  It was randomly assigned to the undersigned.[2]  This was one of a number

---

1. The current name of the defendant is GlaxoSmithKline, LLC.

2. At that time, this lawsuit was filed as Civil Action No. 11-6645.

of similar Paxil actions against GSK which had been removed and assigned to various judges of this court. Plaintiffs thereafter filed a motion to remand in this and other similarly situated cases. On November 17, 2011, then Chief Judge J. Curtis Joyner consolidated the cases before Judge Timothy J. Savage for the purpose of deciding the remand motions. Judge Savage granted the motions in this and other cases on December 14, 2011 on the ground that GSK was a Pennsylvania citizen and that removal by an in-state defendant was improper under 28 U.S.C. § 1441(b)(2).[3] Patton ex rel. Daniels-Patton v. SmithKline Beecham Corp., 2011 WL 6210724 (E.D. Pa. Dec. 14, 2011).

Thereafter, Judge Paul Diamond in a similar action not consolidated before Judge Savage ruled that GSK was a Delaware citizen and that removal was proper. Johnson v. SmithKline Beecham Corp., 853 F. Supp. 2d 487, 491 (E.D. Pa. 2012).[4] Since his decision conflicted with the decision of Judge Savage, Judge Diamond certified his interlocutory order to the Court of Appeals under 28 U.S.C. § 1292(b). The Court of Appeals permitted the appeal to be taken and, agreeing with Judge Diamond, held that GSK was a Delaware citizen and affirmed the removal of the action. Johnson v. SmithKline Beecham Corp., --- F.3d --- (3d

---

3. Title 28 U.S.C. § 1441(b)(2) provides: A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4. Johnson was a personal injury action involving GSK's drug thalidomide.

Cir. 2013), 2013 WL 2456043 (June 7, 2013) (hereinafter "Johnson").

On June 26, 2013, less than three weeks after Johnson was handed down by our Court of Appeals, GSK again removed this action from the Court of Common Pleas where it had been pending since it had been remanded in December 2011. Plaintiffs have now countered with their motion to remand.

Currently, there is no dispute that the parties are of diverse citizenship, that the amount in controversy exceeds $75,000 exclusive of interest and costs, and that GSK is not an in-state defendant. See 28 U.S.C. § 1332 and § 1441(b)(2). While 28 U.S.C. § 1441 allows for the removal of diversity actions where the defendant is not a citizen of the forum state, § 1446 provides the procedures for removal. The sole issue before the court is whether removal is barred under 28 U.S.C. § 1446(b) as the section existed at the time this action was commenced[5]:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be

---

5. The Federal Courts Jurisdiction and Venue Clarification Act of 2011 made changes with respect to removal in § 1446. Pub. L. No. 112-63. Those amendments do not apply to this action which was begun prior to the effective date of this Act.

-3-

> served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (1996) (amended 2011).

Plaintiffs contend that the current notice of removal is untimely. Plaintiffs maintain that the removal notice at issue here was not filed within thirty days after service of the complaint and that in any event removal is barred since it did not occur within one year after September 30, 2011, the date of the commencement of this action in the Court of Common Pleas.

GSK responds with several arguments. It first asserts that the action was timely removed in 2011, that this District Court improperly remanded it, and that it was timely removed after Johnson was decided by the Court of Appeals. GSK further argues that the one year bar against removal is not applicable since the bar applies only when the case is not initially removable. According to GSK, the case was removable from the outset and indeed properly removed at that time as the subsequent analysis of the Court of Appeals in Johnson explains. Finally, GSK argues that under the circumstances it would be inequitable to remand.

The parties focus on Doe v. American Red Cross, 14 F.3d 196, 200 (3d Cir. 1993). There, the District Court had remanded an action against the American Red Cross in which the plaintiff alleged he had contracted AIDS from contaminated blood transfusions. The court remanded on the ground that no federal question existed. It said it was doing so without prejudice to defendant's right to petition for re-removal. After remand, the Supreme Court, settling an issue that had long divided the courts, decided in a different action in which the Red Cross had been sued that the federal courts had original jurisdiction over suits against it because of the provisions of its Congressional charter. American Nat'l Red Cross v. S.G., 505 U.S. 247, 257 (1992).

Within thirty days after the Supreme Court decision, the Red Cross filed a second removal notice in the District Court. Our Court of Appeals upheld the removal.[6] It concluded that the decision of the Supreme Court involving the same defendant and same factual scenario as in the case pending in the Eastern District of Pennsylvania was an "order" under § 1446(b) from which the Red Cross first ascertained that the action in this court was removable. The Court of Appeals emphasized it was not discussing or construing any other language of § 1446. Doe, 14 F.3d at 198.

---

6. The matter reached the Court of Appeals under 28 U.S.C. § 1292(b).

The Court in Doe further decided that a second removal was not barred by § 1447(d) which, with exceptions not relevant here, provides that "an order remanding a case to the State Court from which it was removed is not reviewable on appeal or otherwise ...."  The Court also rejected the argument that a lawsuit once remanded can never again be removed. Doe, 14 F.3d at 199-200.

The Doe opinion does require that a second notice of removal must be based on a different ground than the first in order for a second removal to be proper.  The Court ruled that the second notice of removal filed by the Red Cross was predicated on a different ground than the first because the second relied upon the Supreme Court decision, which it characterized as "a new and definitive source." Doe, 14 F.3d at 200.

GSK also cites Brown v. Tokio Marine and Fire Insurance Co., 284 F.3d 871 (8th Cir. 2002), a diversity action involving a second removal notice.  Plaintiff had been injured in an automobile accident while driving a car leased to her by her employer Toyota Motor Sales ("Toyota").  Plaintiff sued Toyota's insurer in state court.  While diversity of citizenship existed, the insurer tried but failed to remove the action to federal court.  Later, plaintiff added Toyota as a defendant.  Toyota, as a diverse defendant, successfully removed the action.  On appeal after conclusion of the action in the District Court, plaintiff argued that removal had occurred more than one year after the

commencement of the action in violation of § 1446(b). Interpreting the statute, the Court of Appeals held that the one year limitation period did not apply because the action had originally been removable, that is, at the time when only plaintiff and Toyota's insurer had been parties. Three other circuits have also reached the same result that the one year bar applies only when the action was not originally removable. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316-17 (9th Cir.) cert. denied 525 U.S. 953 (1998); Johnson v. Heublein, Inc., 227 F.3d 236, 241 (5th Cir. 2000); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999) cert. denied 528 U.S. 1076 (2000). See also Hannah v. American Home Prods. Corp., 2004 U.S. Dist. LEXIS 12239 (E.D. Pa. Jun. 18, 2004); Roth v. CHA Hollywood Medical Center, --- F.3d ---, 2013 WL 3214941 (9th Cir. Jun. 27, 2013). As the Court of Appeals stated in Brierly:

> Based upon ordinary language usage, the qualifying clause--"except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action" can only be interpreted to modify the antecedent clause to which it is attached, and not previous sections of the text. If Congress had intended to place a one-year limitation on removal of all diversity cases, it surely would have chosen less obscure and counter-intuitive wording to accomplish that purpose. In addition, the policy discussion found within the legislative history provides support for this interpretation.... We hold that the one-year limitation on removal of diversity cases applies only to those that were not initially removable ...."

Brierly, 184 F.3d at 534-35 (footnote omitted) (citations omitted).

We agree with statutory analysis of the Court of Appeals of the Fifth, Sixth, Eighth, and Ninth Circuits. Plaintiff cites no appellate cases to the contrary. Moreover, the subsequent amendments to § 1446(b) by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 confirm this construction. The second paragraph of § 1446(b) as it existed prior to the amendments has now been placed in a separate subsection and clearly has no applicability to what was contained in the first paragraph of § 1446(b). See, e.g., § 1446(b)(3) & (c)(1); Selman v. Pfizer, Inc., 2011 U.S. Dist. LEXIS 145019 at 12-13 (D. Or. Dec. 16, 2011).

The parallels to Doe in the present case are striking. GSK removed this action in 2011 within thirty days after receipt of the complaint as permitted under the first paragraph of § 1446(b). Nonetheless, GSK was rebuffed by the District Court which, as it turned out, erroneously remanded the action to the state court. The Court of Appeals in Johnson in effect reversed the District Court, in this case by holding that GSK was a Delaware citizen and that the prohibition in § 1441(b) against removal by an in-state defendant did not apply since GSK was not a Pennsylvania citizen. The Johnson decision involved not only the same defendant as in this action but also similar facts and legal issues. See Doe, 14 F.3d at 203. Further, Johnson

provided a new and different ground for a second notice of removal.  Id. at 200.

It cannot be denied that based on the Court of Appeals decision in Johnson GSK correctly removed the action to this court after it received a copy of the initial pleading, that is, the complaint in the state court action.  The removal fulfilled all the requirements of the first paragraph of § 1446 and was not barred under § 1441(b).  Surely, the District Court's incorrect ruling and remand of this action is a nullity and cannot continue to stand now that the Court of Appeals has spoken that the removal was and is proper.  There is nothing in Johnson stating that its application is to be prospective only.  See Doe, 14 F.3d at 201.  As explained in Doe, a defendant may file a second removal notice within thirty days after a court "superior in the same judicial hierarchy" concludes that a remand was erroneous in a different action where the defendant in both cases is the same and both cases involve the same or a similar factual and legal scenario.  That is exactly what happened here.  Id. at 202-03. While Doe confined its analysis of § 1446(b) to the term "order" in the section's second paragraph,[7] we see no reason why the Court of Appeals would not allow a second notice of removal pursuant to the first paragraph of § 1446(b) under the circumstances presented.

---

7. The Court stated, "It is not necessary for us to go any further, it is not necessary for us to interpret any language in Section 1446(b) other than the term 'order.'"  Doe, 14 F.3d at 198.

What GSK is doing with its second removal notice is simply effectuating what was a timely and proper first removal. This second removal notice was necessary through no fault of GSK and is permitted under the reasoning in Doe. We conclude that GSK has properly removed the action to this court under the first paragraph of § 1446(b).

Plaintiff relies on the second paragraph of § 1446(b) to bar a second removal to this court and to compel remand to the Court of Common Pleas. That paragraph provides that "if the case stated by the initial pleading is not removable" any removal of a diversity action "more than one year after commencement of the action" is barred. The action was originally filed in the Court of Common Pleas on September 30, 2011. Although the action had been pending for more than one year before Johnson was decided and the second notice of removal was filed, the second paragraph of § 1446(b) with its time limitation is not relevant because the action was initially removable as Johnson has made clear. See Brown, 284 F.3d 871.

The court need not reach the remaining arguments advanced by plaintiffs or by GSK. Accordingly, the motion of plaintiffs to remand this action to the Court of Common Pleas of Philadelphia County will be denied.