```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

KAYLEA GUDDECK, et al.          :     CIVIL ACTION
                                :
        v.                      :
                                :
SMITHKLINE BEECHAM CORP.        :
d/b/a GLAXOSMITHKLINE           :     NO. 13-3696

MEMORANDUM

Bartle, J.                                      August 14, 2013

Plaintiffs Kaylea Guddeck, a minor, as well as her mother and guardian Julie Guddeck have sued defendant SmithKline Beecham Corp.[1] ("GSK") for personal injuries allegedly suffered as a result of Julie Guddeck's ingestion of defendant's anti-depressant drug Paxil during her pregnancy. Plaintiffs assert that the drug caused Kaylea Guddeck to have a critical neural tube defect necessitating major surgery. They have claims for negligence, breach of warranty, and strict liability. The lawsuit was originally filed in the Court of Common Pleas of Philadelphia County and was timely removed to this court under 28 U.S.C. § 1446 based on diversity of citizenship and the requisite amount in controversy under 28 U.S.C. § 1332(a). Plaintiffs' motion to remand was denied. See 2013 U.S. Dist. LEXIS 103904 (E.D. Pa. July 24, 2013). Before the court is the motion of the

---

1. The current name of the defendant is GlaxoSmithKline, LLC.

defendant to transfer this action pursuant to 28 U.S.C. § 1404(a) from this District to the District of Minnesota.

The following facts are undisputed. Plaintiffs have been residents of Minnesota at all times relevant to this lawsuit. Plaintiff Julie Guddeck was prescribed Paxil in Minnesota by her physician, Dr. Julie Reichhoff, who currently practices in Minnesota. Julie Guddeck filled the prescription for Paxil at a pharmacy in Minnesota and became pregnant with her daughter, Kaylea, there. Kaylea was treated for her medical conditions by physicians in Minnesota. Those physicians currently practice and reside in Minnesota. GSK developed and manufactured Paxil. GSK is headquartered in Philadelphia and has its principal place of business there.

Title 28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been brought...

The district court has broad discretion in deciding a motion for transfer of venue. White v. SmithKline Beecham Corp., No. 06-3025, 2007 WL 1237952, at *2 (E.D. Pa. Apr. 2, 2007). A case that has been removed from state court may be transferred to a different district as long as venue is proper in both the original and the transferee district. Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). There is no dispute that venue is proper in both the Eastern District of Pennsylvania and the District of Minnesota. 28 U.S.C. § 1391(b)(1) and (b)(2).

-2-

In determining whether transfer is proper, "for the convenience of parties and witnesses, in the interest of justice," our Court of Appeals has established a list of private and public factors to consider. The private factors include:

> [1] plaintiff's forum preference as manifested in the original choice, [2] the defendant's preference, [3] whether the claims arose elsewhere, [4] the convenience of the parties as indicated by their relative physical and financial condition, [5] the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and [6] the location of the books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Jumara, 55 F.3d at 879 (citations omitted).

Although plaintiffs' forum preference is given substantial weight, it is afforded less weight when the plaintiff selects a forum which is neither his or her home nor the place of the significant events upon which the suit is predicated. See In re Link A Media Devices Corp., 662 F.3d 1221, 1223 (Fed. Cir. 2011); Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167 (10th Cir. 2010); Copley v. Wyeth, No. 09-722, 2009 WL 2160640 (E.D. Pa. July 17, 2009). Here, the plaintiffs' forum preference will not be given much weight as they are residents of Minnesota and the suit is based on GSK's failure to warn leading to Ms. Guddeck's harmful ingestion of Paxil, all of which took place in Minnesota. Ms. Guddeck was prescribed the drug there, ingested the drug there, became pregnant there and gave birth there. She also received prenatal treatment in Minnesota. Since

birth, Kaylea Guddeck has been treated and continues to be treated for her medical problems in Minnesota.

The transfer to the District of Minnesota is more convenient for the parties as indicated by their physical and financial conditions. The plaintiffs are physically present in Minnesota, and it will clearly be less expensive for them to have this action tried near their home. The defendant, as a large corporation, does not bear a meaningfully heavier financial burden in one district versus another. In any event, defendant seeks a transfer to Minnesota.

The next private factor the court includes in the balancing test is the convenience of material witnesses. This "is a particularly significant factor in a court's decision whether to transfer." Idasetima v. Wabash Metal Prods., Inc., No. 01-197, 2001 WL 1526270, at *2 (E.D. Pa. Nov. 29, 2001). "[F]act witnesses who possess first-hand knowledge of the events giving rise to the lawsuit, have traditionally weighed quite heavily in the 'balance of convenience' analysis." Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 203 (D. Del. 1998). The parties have made clear they intend to call at least some of the prescribing and treating physicians as key witnesses. These witnesses are located in Minnesota and cannot be compelled to testify in this District since they are well out of reach of this court's subpoena power. Fed. R. Civ. P. 45(b)(2).

In sum, the private factors which we must consider under Jumara weigh in favor of transfer.

The public interest factors which we must take into account under Jumara include:

> [1] the enforceability of the judgment, [2] practical considerations that could make the trial easy, expeditious, or inexpensive, [3] the relative administrative difficulty in the two fora resulting from court congestion, [4] the local interest in deciding local controversies at home, [5] the public policies of the fora, and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

55 F.3d at 879-80 (citations omitted).

The judgment can be enforced regardless of which district is the trial forum. It is more practical to have the trial in Minnesota where both the plaintiffs and their physicians are located. It will be less expensive and easier than having the trial on the opposite side of the country in Pennsylvania. Minnesota not only has a strong interest in resolving the product liability claims of its own citizens but also is the site where the injuries took place as well as a majority of the relevant events or omissions. Finally, Pennsylvania's choice of law rules will apply. See Van Dusen v. Barrack, 376 U.S. 612 (1964). Regardless of what substantive law will apply, there is no doubt that a federal judge in Minnesota is fully capable of applying it. The public factors favor transfer of venue to Minnesota.

This court has previously granted transfer of venue in product liability suits where the plaintiff developed complications resulting from ingestion of Paxil. See, e.g., McLaughlin v. GlaxoSmithKline, LLC, No. 12-3272, 2012 WL 4932016

(E.D. Pa. Oct. 17, 2012); White v. SmithKline Beecham Corp., No. 06-3025, 2007 WL 1237952 (E.D. Pa. Apr. 26, 2007); Elwell v. SmithKline Beecham Corp., No. 06-3020, 2007 WL 1237957 (E.D. Pa. Apr. 25, 2007). In McLaughlin, like here, the plaintiff sued GSK for injuries that allegedly resulted from her use of Paxil. The plaintiff resided in Louisiana and ingested the drug in that state. Plaintiff also sought medical treatment exclusively in Louisiana. As the court explained, "[w]hen the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." Id. at *6. The court continued, "[t]he 'operative facts' of a products liability action are deemed to occur where the allegedly defective product was used and injury occurred." Id. Because the operative facts occurred in Louisiana, and the only connection to Pennsylvania was the location of GSK's headquarters, the court granted the defendant's motion to transfer the action to Louisiana.

The current case is no different than McLaughlin and the public and private factors overwhelmingly weigh in favor of transfer to the District of Minnesota. For the foregoing reasons, the motion of defendant GlaxoSmithKline, LLC for transfer of venue will be granted.