UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Kaylea Guddeck,                                  No. 13-cv-2508 (MJD/LIB)
*a Minor, by Julie Guddeck*,

        Plaintiff,

    v.                                         **REPORT AND RECOMMENDATION**

SmithKline Beecham Corporation,

        Defendant.

---

This matter came before the undersigned United States Magistrate Judge upon Plaintiff's Motion to Remand to State Court.  [Docket No. 53] (hereinafter, "Motion to Remand").  The Motion has been referred to the undersigned Magistrate Judge for a report and recommendation, (see Order of Referral [Docket No. 59]), pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For reasons set forth below, the Court recommends that Plaintiff's Motion to Remand, [Docket No. 53], be **DENIED**.


I.    **BACKGROUND**

The general background of this personal injury and product liability action was detailed in this Court's November 18, 2013, Order, [Docket No. 52], and need not be repeated at length here.  However, the procedural background of this case is directly relevant to this Report and Recommendation, and therefore, the Court notes the following:

The consolidated "Paxil Pregnancy Cases" against GlaxoSmithKline LLC, formerly known as SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("Defendant" or "GSK"),

1

were initiated on or about March 5, 2007, in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "Pennsylvania State Court").  (Notice of Removal, Ex. A [Docket No. 1], at 25-56). Subsequently, and pursuant to the established procedure for the Paxil Pregnancy Cases, Julie Guddeck, on behalf of her daughter Kaylea Guddeck ("Plaintiff"), filed a Short-Form Complaint on or about September 30, 2011, in the Pennsylvania State Court.  (Id., Ex B. [Docket No. 1], at 57-71).  Defendant timely removed to the Eastern District of Pennsylvania on October 24, 2011 (the "2011 removal").  (Id. at 7).  However, the District Court[1] found that Defendant was a citizen of Pennsylvania and, therefore, that removal was barred by the resident-defendant rule.  Patton v. SmithKline Beecham Corp., 2011 U.S. Dist. LEXIS 143724 (E.D. Pa. Dec. 14, 2011).  Following Judge Savage's order of remand, the case proceeded in the Pennsylvania State Court.

Subsequently, upon conflicting decisions in the U.S. District Court for the Eastern District of Pennsylvania regarding Defendant's citizenship, the issue was certified to the Third Circuit for interlocutory appeal.  See Johnson v. SmithKline Beecham Corp., 853 F. Supp. 2d 487, 491 (E.D. Pa. 2012).  On June 7, 2013, the Third Circuit held that Defendant was a citizen of Delaware, not Pennsylvania.  Lucier v. SmithKline Beecham Corp., 724 F.3d 337 (3d Cir. 2013).  In light of the Lucier decision, Defendant again removed this case to Federal Court on June 26, 2013 (the "2013 removal"), and on the same day Defendant also moved to transfer venue to the District of Minnesota.  (Notice of Removal, [Docket No. 1], at 5; Mot. Transfer [Docket No. 2]).  Plaintiff again moved to remand to the Pennsylvania State Court and opposed any change in venue.  (Mot. Remand [Docket No. 4]; Pl.'s Resp. Mot. Transfer [Docket No. 9]).

---

[1] The Hon. Timothy J. Savage presiding over consolidated motions to remand.

This time, however, the District Court[2] on July 24, 2013, denied the motion to remand.  Guddeck v. SmithKline Beecham Corp., 957 F. Supp. 2d 622 (E.D. Pa. 2013) (hereinafter, "Guddeck I").

Plaintiff did not move for reconsideration of Guddeck I within 14 days as provided by the Eastern District of Pennsylvania's Local Rule 7.1(g), and consequently, after the 14-day window to move for reconsideration had lapsed, the District Court granted Defendant's motion to transfer the case to the District of Minnesota.  Guddeck v. SmithKline Beecham Corp., 2013 U.S. Dist. LEXIS 115069 (E.D. Pa. Aug. 14, 2013) (hereinafter, "Guddeck II").

After the case was transferred to this District, Plaintiff moved for a temporary stay, [Docket No. 39], which this Court denied.  (Order [Docket No. 52]).  Meanwhile, this Court entered a Pretrial Scheduling Order, [Docket No. 48], and an Amended Pretrial Scheduling Order, [Docket No. 75], which now requires that remaining discovery be completed by August 23, 2014.

## II.     PLAINITFF'S MOTION TO REMAND [Docket No. 53]

In her Motion, Plaintiff argues that because the 2013 removal occurred more than 1 year after the case was originally commenced, that removal was untimely under 28 U.S.C. 1446,[3] and

---

[2] The Hon. Harvey Bartle III presiding.

[3] Title 28 Section 1446 was amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act").  112 P.L. 63, 125 Stat. 758.  However, the parties agree that because Plaintiff initiated this case prior to the enactment of the Act, the provisions of the Act do not apply.  See 125 Stat. at 764-65.  Accordingly, the applicable version of Section 1446(b) reads:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section

therefore, that the case must be remanded to the State Court in Pennsylvania.  (See Docket No.

53).  Additionally, Plaintiff argues that the 2013 removal was barred by 28 U.S.C. § 1447(d),

which prohibits review of a remand order.  (See Pl.'s Mem. [Docket No. 55], at 4, 9; Pl.'s Reply

[Docket No. 63], at 1-8).

Because of the unusual manner in which this case and the present Motion to Remand,

[Docket No. 53], arrive at this Court, it is important at the outset to identify those facts that are

not in dispute.  Plaintiff does not dispute that there is complete diversity among the parties; that

the amount in controversy exceeds $75,000.00; and that, in light of Lucier, supra, the resident-

defendant rule does not bar removal of the present case to the Federal courts.  (Hr'g Tr. [Docket

No. 71], at 7:25—9:21).  In other words, if this was a new case filed in the Pennsylvania State

Courts, Plaintiff concedes that it would be removable.  Plaintiff's sole argument here is that the

2013 removal to the Eastern District of Pennsylvania was procedurally improper, both under 28

U.S.C. § 1446(b), which establishes time limits for removal, and under 28 U.S.C. § 1447(d),

which prohibits review of an order of remand.

For the reasons set forth below, the Court does not agree, and it recommends that

Plaintiff's Motion to Remand, [Docket No. 53], be **DENIED**.

## A. Procedural Posture

Initially, this Court must more precisely determine the procedural posture in this Court of

the present Motion.

Plaintiff argues that the 1-year window for removal under 28 U.S.C. § 1446(b) is a

subject matter jurisdiction rule, and therefore, that this Court must consider *de novo* the

---

1332 of this title more than 1 year after commencement of the action.
28 U.S.C. § 1446(b) (2011).
The amendments contained in the Act did not substantively change this provision; however, the 1-year limitation
on removals on the basis of diversity jurisdiction was moved to 1446(C)(1).

4

timeliness of the 2013 removal as part of the Court's continuing obligation to evaluate whether it has subject matter jurisdiction. Plaintiff further contends that this Court must reconsider *de novo* the timeliness of the 2013 removal pursuant to Eighth Circuit precedent without giving any deference to the Eastern District of Pennsylvania's decision in Guddeck I.[4]

This Court is not persuaded.

First, Plaintiff concedes that there is nothing in the plain language of 28 U.S.C. § 1446(b) to suggest that it is a jurisdictional, rather than a procedural, statute. (Hr'g Tr. [Docket No. 71], at 34:22—35-5). In fact, the title of § 1446, "*Procedure* for removal of civil actions" (emphasis added), strongly suggests that it is a procedural statute and not a jurisdictional one. Additionally, both parties acknowledge that the Eighth Circuit has not *expressly* addressed the issue of whether § 1446 is jurisdictional or procedural in nature.

However, in a case arising out of this District, the Eighth Circuit has impliedly come down on the procedural side. In the case of In re Burns & Wilcox, Ltd., 54 F.3d 475 (8th Cir. 1995),[5] a restaurant owner (the "plaintiff") sued her insurance agent (the "defendant") in Minnesota state court after a fire damaged her restaurant and the insurer failed to pay on her policy. 54 F.3d at 475-76. The defendant, in turn, made a third-party claim against the insurance company's general agent (the "third-party defendant"). Id. at 476. Shortly before trial, the plaintiff settled with the defendant and took an assignment of his claim against the third-party

---

[4] Additionally, Plaintiff argues that the 2013 removal "violates [28 U.S.C.] § 1447(d)'s jurisdictional bar on any time of review of a remand order." (Pl.'s Reply [Docket No. 63], at 2). Although Plaintiff frames this as a jurisdictional issue, it arrives at this Court in a different posture that the 28 U.S.C. § 1446(b) argument outlined in Part II.A. In short, neither party has asked this Court to review a district court's remand order; rather, Plaintiff asks this Court to find that the Eastern District of Pennsylvania's decision denying her motion to remand in Guddeck I constituted an improper review of that district court's prior remand order. The standard of review for that argument is set forth in Part II.B, infra, and the argument itself is addressed in Part II.C, infra.

[5] Abrogated in part on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 710-11 (1996). Quackenbush resolved a split among the Circuit Courts concerning whether abstention-based remand orders are appealable, 517 U.S. at 710, and in no way implicated, much less contradicted or abrogated, the part of Burns & Wilcox that concerns the 1-year limitation in 28 U.S.C. § 1446(b).

defendant.  Id.  However, the dismissal of the defendant created complete diversity among the

remaining parties, and consequently, the third-party defendant removed to federal court, despite

the fact that almost two years had passed since the case was initiated.  Id.  The plaintiff moved to

remand, and the District Court granted the motion on the grounds that it should "abstain from

exercising jurisdiction . . . [because] the state court was intimately familiar with the facts of the

case and had issued many rulings."  Id. (internal quotation omitted).  The third-party defendant

subsequently filed a petition for a writ of mandamus seeking relief from the District Court's

order, and the Eighth Circuit, upon finding that the District Court was wrong to grant the

remand, granted the writ and ordered the District Court to vacate its remand order and exercise

diversity jurisdiction over the case.  Id. at 475-76, 478.  In so doing, the Eighth Circuit noted:

> [The plaintiff] opposed removal on several grounds, but did not raise one
> potentially successful ground.  Under 28 U.S.C. § 1446(b), a case may not be
> removed on the basis of diversity more than one year after the commencement of
> the action.  In this case, the state court action was commenced more than two
> years prior to removal.  As the district court properly held, [the plaintiff] waived
> her objection to this defect in removal procedure by failing to raise it in time.
> Had [the plaintiff] properly raised this objection, the district court would not have
> been placed in the difficult situation of assuming jurisdiction in a case that has
> proceeded so far in state court.

Id. at 476 n.4 (internal citations omitted).

The foregoing passage is instructive for many reasons.  First, the Eighth Circuit expressly

recognized that the 1-year limitation in 28 U.S.C. § 1446(b) was implicated, and even went so far

as to strongly suggest that if the plaintiff had sought remand on that basis she would have

succeed.  Nonetheless, the Eighth Circuit **did not** conclude that § 1446(b) provided jurisdictional

grounds to affirm the District Court's remand order.  Instead, the Eighth Circuit held that the

plaintiff had waived any § 1446(b) argument by failing to raise it—which also impliedly

suggests that the statute is **not** jurisdictional, as "[q]uestions of subject-matter jurisdiction, of

course, may be raised at any time and may not be waived.  A court, including an appellate court, may raise the issue sua sponte and, indeed, the court has the duty to do so if the record suggests jurisdiction is lacking."  Yeldell v. Tutt, 913 F.2d 577, 587 (8th Cir. 1990) (citing Ins. Corp. of Ireland v. Compagnie Des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).

It is axiomatic, then, that if the Eighth Circuit in its Burns & Wilcox decision expressly recognized that the 1-year limitation in § 1446(b) was implicated, but it did not apply it finding instead that it had been waived by the plaintiff in that case, then the Eighth Circuit **must not** have considered the 1-year limitation in § 1446(b) to be a jurisdictional statute.  Finally, if any further evidence that the Eighth Circuit considered § 1446(b) to be procedural in nature is necessary, the Eighth Circuit in Burns & Wilcox described the third-party defendant's failure to comply with the 1-year limitation as being merely a "defect in removal *procedure*."  54 F.3d at 476 n.4 (emphasis added).

Even if this Court was to ignore the clear implication of Burns & Wilcox, there is other compelling evidence that the Eighth Circuit would find the 1-year limitation in 28 U.S.C. § 1446(b) to be procedural and not jurisdictional.  Among the best indicators is that the Eighth Circuit has repeatedly held that the 30-day deadline to remove cases that are initially removable, which also appears in § 1446(b), is merely procedural.  See, e.g., Koehnen v. Herald Fire Ins. Co., 89 F.3d 525, 528 (8th Cir. 1996) (discussing 30-day deadline in § 1446(b): "A procedural defect in removal, such as untimeliness, does not affect the federal court's subject matter jurisdiction and therefore may be waived."); Fin. Timing Pubs., Inc. v. Compugraphic Corp., 893 F.2d 936, 940 (8th Cir. 1990) (finding that although the plaintiff properly raised the issue of the defendant's untimely removal, "the plaintiff's prior actions constituted a waiver of this procedural defect").

As the Sixth Circuit has also observed:

[W]e have ruled that the thirty-day time requirement of § 1446(b) is procedural . . . .  There is no reasoned basis to hold differently with regard to the one-year limitation.  "[N]othing in the text of the statute suggests that the one-year limit operates differently from the 30-day limit.  Neither provision expressly purports to limit federal jurisdiction, and the prohibitive terms are the one-year limit . . . are no more mandatory."

Music v. Arrowood Indem. Co., 632 F.3d 284, 287-88 (6th Cir. 2011) (quoting Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 616 (3d Cir. 2003)).  In Music, the Sixth Circuit also found that "[e]very circuit court to address the issue has held that the one-year limitation on removal of diversity cases is a procedural requirement," Music, 632 F.3d at 287 (citing Ariel Land Owners, 351 F.3d at 616; In re Uniroyal Goodrich Tire Co., 104 F.3d 322, 324 (11th Cir. 1997); Barnes v. Westinghouse Elec. Corp., 962 F.2d 513, 516 (5th Cir. 1992)); and furthermore, that "the Supreme Court has intimated that the one-year limitation on removal is procedural." Music, 632 F.3d at 287 (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 75 n.13 (1996)).

Against the extraordinary weight of the foregoing authority, Plaintiff cites just two Eighth Circuit cases, neither of which is on point.  First, Plaintiff cites Lindsey v. Dillard's, Inc., 306 F.3d 596 (8th Cir. 2002).  However, while the Eighth Circuit in Lindsey did cite the defendant's failure to meet either the 30-day deadline or the 1-year deadline contained in 28 U.S.C. § 1446(b) as grounds for affirming the District Court's remand order, the opinion contains no language whatsoever even suggesting, much less holding, that either of those deadlines is jurisdictional.  Additionally, Plaintiff cites Horton v. Conklin, 431 F.3d 602 (8th Cir. 2005), in which the Eighth Circuit held that a violation of the resident-defendant rule, also known as the forum defendant rule, "is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'" Id. at 605 (quoting Hurt v. Dow Chem. Co., 963 F.2d 1142, 1146 (8th Cir. 1992)).  However, in light of the Third Circuit's holding in Lucier, supra, Plaintiff does not argue

8

that the 2013 removal was improper because of the resident-defendant rule, but rather, that the 2013 removal was time-barred by 28 U.S.C. § 1446(b).  Horton does not even mention the deadlines contained within 28 U.S.C. § 1446(b), much less address whether those deadlines are jurisdictional or procedural.  Thus, neither Lindsey nor Horton supports Plaintiff's assertion that the 1-year limitation in 28 U.S.C. § 1446(b) is jurisdictional, and not merely procedural.

Plaintiff also cites four unpublished cases out of the U.S. District Court for the Eastern District of Missouri, each holding that the 1-year limitation in § 1446(b) is jurisdictional. Wright-Basch v. Wyeth, 2012 U.S. Dist. LEXIS 97459, at *17 (E.D. Mo. July 13, 2012) (remanding for "lack of subject matter jurisdiction," citing the defendant's failure to remove within one year of the commencement of the case); Calma v. Wyeth, 2012 U.S. Dist. LEXIS 76300, at *11 (E.D. Mo. June 1, 2012) ("the one-year time limitation [in § 1446(b)] is absolute and jurisdictional"); Advanta Tech. Ltd. v. BP Nutrition, Inc., 2008 U.S. Dist. LEXIS 82246, at *10 (E.D. Mo. Oct. 16, 2008) ("the Court now finds that 28 U.S.C. § 1446(b) establishes a jurisdictional requirement"); BancServices Group, Inc. v. Am. Nat'l Bank, 2008 U.S. Dist. LEXIS 15734, at *3, *5 (E.D. Mo. Feb. 29, 2008) (describing the 1-year limitation in § 1446(b) as "absolute," and concluding that "I cannot assert jurisdiction where Congress has not provided it").[6]  However, this Court is not persuaded by these decisions, as none of them considers Eighth Circuit's discussion of the 1-year limitation in § 1446(b) contained in Burns & Wilcox, supra, nor do they consider the Eighth Circuit's treatment of § 1446(b)'s 30-day deadline as procedural in Kohnen and Financial Timing Publications, supra.

In light of (1) the strong indications from the Eighth Circuit that it would and does consider the 1-year limitation in 28 U.S.C. § 1446(b) to be procedural; (2) the U.S. Supreme

---

[6] These four cases were decided by two District Judges: the Hon. E. Richard Webber (Wright-Basch and Advanta Technology), and the Hon. Catherine D. Perry (Calma and BancServices Group).

Court's intimation that it, too, considers § 1446(b) to be procedural; and (3) the fact that every

U.S. Circuit Court to consider the question thus far has found § 1446(b) to be procedural, this

Court agrees with the overwhelming weight of authority and finds that the 1-year limitation in §

1446(b) **is not** an absolute, jurisdictional bar.  Therefore, the question of whether the Eastern

District of Pennsylvania, in Guddeck I, correctly held that the 2013 removal did not run afoul of

the 1-year limitation in § 1446(b) **is not** a jurisdictional question that this Court must consider *de

novo*.  Accordingly, the question for this Court is simply whether the Eastern District of

Pennsylvania clearly erred by denying the Plaintiff's motion to remand that was at issue in

Guddeck I.[7]

### B.  Standard of Review

Although the law of the case doctrine is not precisely applicable to the present Motion,[8]

nonetheless, "considerations of comity and judicial economy weigh against disturbing [a

transferor] court's rulings."  Fenner v. Wyeth, 912 F. Supp. 2d 795, 800 (E.D. Mo. 2012).

"Ordinarily a transferee court will not overturn decisions of a transferor court in the absence of

proper circumstances."  Brown v. Overhead Door Corp., 843 F. Supp. 482, 484 (W.D. Ark.

1994).  A court should "reconsider issues previously decided during the course of litigation only

upon a showing that a prior decision is 'clearly erroneous **and** works manifest injustice.'"

---

[7] In this light, the Court believes some deference to the decisions by Judge Bartle is due.

[8] "Under the law-of-the-case doctrine, the Court must adhere to decisions in earlier proceedings 'to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy.'"  Streambend Props. III, LLC v. Sexton Lofts, LLC, No. 10-cv-4745 (MJD/SER), 2013 U.S. Dist. LEXIS 123326, at *16 (Rau, M.J.) (quoting Murphy v. FedEx Nat'l LTL, Inc., 618 F.3d 893, 905 (8th Cir. 2010) (internal citation and quotation omitted)).  "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  United States v. Carter, 490 F.3d 641, 644 (8th Cir. 2007) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)).  However, the law of the case doctrine "does not apply to interlocutory orders; instead, it applies to district courts' final decisions that have not been appealed and appellate decisions. Streambend Props., 2013 U.S. Dist. LEXIS 123326, at *16-17 (citing Gander Mountain Co. v. Cabela's, Inc., 540 F.3d 827, 830 (8th Cir. 2008)).  It is, therefore, inapplicable to the present Motion because orders denying remand are "obviously not final."  Caterpillar, 519 U.S. at 74.

Thorne v. Wyeth, No. 06-3123 (DSD/JJG), 2007 U.S. Dist. LEXIS 52500, at *13 (D. Minn. July 19, 2007) (Doty, J.) (quoting Little Earth of the United Tribes, Inc. v. United States Dep't of Housing & Urban Dev., 807 F.2d 1433, 1440-41 (8th Cir. 1986)) (emphasis added).

### C. Discussion

Initially, this Court observes that Plaintiff makes no argument whatsoever that Judge Bartle's decision in Guddeck I results in a "manifest injustice," but rather, she argues *only* that Judge Bartle's decision in Guddeck I, supra, denying her motion to remand to the State Court was clearly erroneous.

This Court could deny Plaintiff's motion solely on the basis of Plaintiff's failure to argue, much less demonstrate, manifest injustice, because the transferor court's decision should not be reversed except upon a showing ***both*** that it was clearly erroneous ***and*** that it works manifest injustice. Thorne, 2007 U.S. Dist. LEXIS 52500, at *13 (quoting Little Earth of the United Tribes, 807 F.2d at 1440-41). However, in the interest of completeness, the Court will address the question of whether Judge Bartle's decision in Guddeck I was clearly erroneous.

**1. Plaintiff's failure to seek reconsideration of Judge Bartle's decision in Guddeck I implicitly suggests that even Plaintiff did not believe his decision to be clear error.**

As set forth in Part I, supra, the Third Circuit held on June 7, 2013, that Defendant was a citizen of Delaware, not Pennsylvania, Lucier, 724 F.3d at 360. Subsequently, Defendant sought to remove the case to the Eastern District of Pennsylvania, (Notice of Removal, [Docket No. 1], at 5), and it also moved for transfer to this District, (Mot. Transfer [Docket No. 2]). Plaintiff timely moved to remand, (Mot. Remand [Docket No. 4]), and objected to any transfer (Pl.'s Resp. Mot. Transfer [Docket No. 9]). Subsequently, on July 24, 2014, Judge Bartle handed down his Memorandum and Order in Guddeck I, denying Plaintiff's motion to remand. See

11

Guddeck I, 957 F. Supp. 2d 622.  However, Judge Bartle did not immediately rule on the Motion

to Transfer, but instead, waited 21 days, granting the motion to transfer on August 14, 2013.  See

Guddeck II, 2013 U.S. Dist. LEXIS 115069 (E.D. Pa. Aug. 14, 2013).

That 21-day gap is important, because during that period Plaintiff's window for seeking

reconsideration from Judge Bartle on his denial of Plaintiff's motion to remand lapsed.  The

Local Rules of Civil Procedure for the Eastern District of Pennsylvania provide that "[m]otions

for reconsideration or reargument shall be served and filed within fourteen (14) days after the

entry of the judgment, order, or decree concerned."  E.D. Pa. L.R. 7.1(g).  Although the Third

Circuit has described the scope of a motion for reconsideration as "extremely limited," one

recognized basis for granting such a motion is "the need to correct a clear error of law."

Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011) (internal quotation omitted).  Thus, if

Plaintiff believed that the denial of her motion to remand was a clear error of law, then she could

(and should) have asked Judge Bartle to reconsider his Memorandum and Order in Gudeck I any

time up to and including August 7, 2014.[9]  She did not seek reconsideration from Judge Bartle;

she did not seek relief from Judge Bartle's decision in the Third Circuit (as she did in two other

related cases Cintao v. SmithKline Beecham Corp. and Nieman v. SmithKline Beecham Corp.

(see infra, Part II.C.2)); and moreover, upon the transfer of her case to this District on September

13, 2013, she did not immediately make her motion to remand to the Pennsylvania State Court,

but instead first moved this Court for a stay pending the outcomes of their Cintao and Nieman

---

[9] The Local Rules of Civil Procedure for the Eastern District of Pennsylvania also provide that "service by electronic means is treated the same as service by mail for the purpose of adding three (3) days to the prescribed period to respond."  E.D. Pa. L.R. 5.1.2(8)(e).  It was suggested at the April 5, 2014, motion hearing that reading this rule in conjunction with the rule allowing 14 days to seek reconsideration would have afforded Plaintiff a total of 17 days, or until August 10, 2013, during which she could have sought reconsideration.  (Hr'g Tr. [Docket No. 71], at 27:17-21).  In the present case, the distinction is irrelevant, because Judge Bartle waited 21 days, until August 14, 2013, to act on the motion to transfer, and because Plaintiff *never* sought reconsideration from Judge Bartle.

appeals (which the Third Circuit denied (see Order [Docket No. 52], at 4)).  Although it is not

dispositive, the fact that Plaintiff waited until January 22, 2014, to make her present Motion,

when she had ample prior opportunities in multiple courts to seek relief earlier, is a strong

circumstantial indication that even Plaintiff herself did not believe that Judge Bartle's decision

denying her motion to remand in Guddeck I was clearly erroneous.

> **2.  Among the judges of the Eastern District of Pennsylvania who have considered remand motions pursuant to 2013 removals in the Paxil Pregnancy Cases, Judge Bartle is in the majority in finding the 2013 removals to be proper and in denying the plaintiffs' subsequent remand motions, strongly suggesting that his decision in Guddeck I was not clearly erroneous.**

In arguing that Judge Bartle's Memorandum and Order denying her motion to remand in

Guddeck I was clearly erroneous, Plaintiff urges this Court to consider two subsequent and

contrary decisions by other judges in the Eastern District of Pennsylvania.  In fact, it appears that

Paxil Pregnancy Plaintiffs and Defendant have made substantially the same motions and

arguments in at least nine cases, six of which, including the present case, were decided on the

merits. [10]

The other five cases in which the motion to remand was decided on the merits in the

Eastern District of Pennsylvania are:

- **A.S. v. SmithKline-Beecham Corp.**, No. 1:13-cv-2382-CCC (M.D. Pa.): On

    July 26, 2013, the Hon. Mary A. McLaughlin of the U.S. District Court for the

    Eastern District of Pennsylvania denied the plaintiffs' motion to remand "for

    the reasons stated in a recent memorandum by the Honorable Harvey Bartle,

---

[10] In addition to the present case and the five other cases listed infra, three additional cases were stayed before any decision on the merits of the remand motion, pending the interlocutory appeal to the Third Circuit in A.S. v. SmithKline Beecham Corp.  See Kenney v. SmithKline Beecham Corp., No. 2:13-cv-3675 (E.D. Pa.), Order [Docket No. 35] (Dec. 19, 2013) (Goldberg, J.); Moore v. SmithKline Beecham Corp., No. 2:13-cv-3676 (E.D. Pa.), Order [Docket No.35] (Dec. 19, 2013) (Goldberg, J.); Rader v. SmithKline Beecham, No. 2:13-cv-3694 (E.D. Pa.), Order [Docket No. 30] (Mar. 6, 2014) (Jones, J.).

III denying a nearly identical motion to remand in [<u>Guddeck I</u>] . . . ."  (<u>A.S.</u> Order [Docket No. 15]).  Subsequently, on August 16, 2013, she ordered the case transferred to the Middle District of Pennsylvania, (<u>see</u> <u>A.S.</u> Mem. [Docket No. 18], <u>and</u> Order [Docket No. 19]), where it was assigned to the Hon. Christopher C. Conner (<u>A.S.</u> Docket Annotation of Sept. 16, 2013).  The plaintiffs moved for a stay and to certify an interlocutory appeal to the Third Circuit, and on December 12, 2013, Chief Judge Conner granted that motion, citing the "split of authority on a controlling question of law, namely, whether [the defendant] may remove the action for a second time based on diversity jurisdiction more than one year after commencement of the action pursuant to 28 U.S.C. § 1446(b)."  (<u>A.S.</u> Mem. [Docket No. 49]; <u>see also</u> <u>A.S.</u> Order [Docket No. 50]).  On January 24, 2014, the Third Circuit accepted the case for interlocutory appeal.  (<u>A.S.</u> Order [Docket No. 52]).

- **<u>Cintao v. SmithKline Beecham Corp.</u>**, No. 1:13-cv-24095-PCH (S.D. Fla.):  On August 7, 2013, the Hon. Ronald L. Buckwalter denied the Plaintiffs' motion to remand, without comment except to say that he had "reviewed [the] opinions" in <u>Guddeck I</u> and <u>A.S.</u>  (<u>Cintao</u> Mem. [Docket No. 22], at 2).  Subsequently, on August 19, 2013, the plaintiff moved to certify the order for interlocutory appeal; however, Judge Buckwalter denied that motion on October 9, 2013, (<u>Cintao</u> Mem. [Docket No. 37], <u>and</u> Order [Docket No. 38]), and ordered the case transferred to the Southern District of Florida, (<u>Cintao</u> Mem. [Docket No. 39], <u>and</u> Order [Docket No. 40]).  On October 23, 2013, Plaintiffs filed a petition for mandamus to the Third Circuit seeking to reverse

14

Judge Buckwalter's order and remand the case to Pennsylvania state court; however, the Third Circuit denied that petition without comment.  <u>In re: I.C.</u>, No. 13-4192 (3d Cir. Nov. 7, 2013).  The case was subsequently opened in the Southern District of Florida, and assigned to the Hon. Paul C. Huck, (<u>Cintao</u> [Docket Nos. 44-45]), who has since issued a partial stay "pending resolution of the jurisdictional issues currently before the United States Court of Appeals for the Third Circuit." (<u>Cintao</u> Order [Docket No. 72]).

- **<u>Nieman v. SmithKline Beecham Corp.</u>**, No. 1:13-cv-1022-CBK (D.S.D.): On August 7, 2013, the Hon. Ronald L. Buckwalter denied the Plaintiffs' motion to remand, without comment except to say that it was for the same reasons set forth in his order in <u>Cintao</u>.  (<u>Nieman</u> Order [Docket No. 17]). Just as in <u>Cintao</u>, the plaintiff on August 19, 2013, moved to certify the order for interlocutory appeal; however, Judge Buckwalter denied that motion on October 9, 2013, (<u>Nieman</u> Order [Docket No. 37]), and ordered the case transferred to the Southern District of Florida, (<u>Nieman</u> Mem. Order [Docket No. 38]).  Also as in <u>Cintao</u>, the plaintiff filed a petition for mandamus to the Third Circuit seeking to reverse Judge Buckwalter's order and remand the case to the Pennsylvania State Court; however, Third Circuit denied that petition without comment.  <u>In re: M.N.</u>, No. 13-4193 (3d Cir. Nov. 7, 2013). Subsequently, the case was transferred in mid-November 2013 to the District of South Dakota, where there has been no substantive activity since that time.

- **<u>Cammarota v. SmithKline Beecham Corp.</u>**, No. 2:13-cv-3677-PJ (E.D. Pa.).  On September 9, 2013, the Hon. John R. Padova granted the plaintiff's

motion to remand to Pennsylvania State Court.  (<u>Cammarota</u> Mem. [Docket No. 38], <u>and</u> Order [Docket No. 39]).  Defendant subsequently requested a temporary stay, (<u>Cammarota</u> [Docket No. 40]), and made a motion for reconsideration of the remand order, (<u>Cammarota</u> [Docket No. 43]).  Judge Padova denied Defendant's motion for reconsideration, (<u>Cammarota</u> Mem. [Docket No. 47]); however, he granted Defendant's request for a stay, (<u>Cammarota</u> Order [Docket No. 51]), and the case has been stayed until the Third Circuit decides the interlocutory appeal in <u>A.S.</u>  (<u>Cammarota</u> Order [Docket No. 53]).[11]

- **<u>Powell v. SmithKline Beecham Corp.</u>**, No. 2:13-cv-3693-MMB (E.D. Pa.).  On September 26, 2013, the Hon. Michael M. Baylson denied Defendant's motion to transfer venue and granted Plaintiffs' motion to remand to Pennsylvania State Court.  Defendant on that same day filed a request for a stay.  (<u>Powell</u> Request for Stay [Docket No. 43].  On October 25, 2013, the Hon. Michael M. Baylson granted a stay until December 2, 2013.  (<u>Powell</u> Order [Docket No. 47]).  Subsequently, Defendant made a motion to certify the remand order for interlocutory appeal.  (<u>Powell</u> Mot. Certify for Interlocutory Appeal [Docket No. 50]).  On December 19, 2013, Judge Baylson certified his remand order for interlocutory appeal "so the Third

---

[11] Although he initially granted the plaintiff's motion to remand, Judge Padova has not mailed a copy of the remand order to the State Court.  In the Third Circuit, a district court retains jurisdiction over a case it has remanded until it mails the remand order to the state court.  <u>Agostini v. Piper Aircraft Corp.</u>, 729 F.3d 350, 356 (3d Cir. Sept. 5, 2013) ("[I]t was not until the certified copy of the remand order was mailed to state court that the mandate of § 1447(c) was fulfilled, triggering § 1447(d).  At the moment of mailing — the jurisdictional event — the remand order became unreviewable 'on appeal or otherwise.'  A district court that seeks to preserve the ability to reconsider remand orders issued under § 1447(c), in order to guard against the occasional error in assessing subject-matter jurisdiction, may wish to bear in mind that jurisdiction is not transferred until the Clerk mails a copy of the certified remand order to state court. Once mailed, the order may not be reconsidered.").

Circuit can determine a fair and uniform resolution for all similarly situated cases."   (Powell Mem. [Docket No. 56], at 2; see also Powell Order [Docket No. 57]).

In sum, of the five district judges (hearing six different cases) who considered the merits of the remand issue, three judges—Judge Bartle (in Guddeck), Judge McLaughlin (in A.S.), and Judge Buckwalter (in Cintao and Nieman)—determined that Defendant's 2013 removal following Lucier, supra, was proper, and therefore, they denied the plaintiffs' subsequent motions to remand; while two judges—Judge Padova (in Cammarota) and Judge Baylson (in Powell)—determined that Defendant's 2013 removal was improper, and therefore, they granted the plaintiffs' motions to remand.

Plaintiff urges this Court to follow the reasoning of Judges Padova and Baylson, in Cammarota and Powell, respectively.  However, as set forth in Part II.B, supra, the question for this Court is not whether one rationale or another is more persuasive; but rather, because of the deference owed to the transferor court, the question is whether Judge Bartle's decision in Guddeck I was clearly erroneous.

The very fact that five judges in the Eastern District of Pennsylvania have divided 3-to-2 on this question is strong evidence that neither position is *clearly* erroneous; the fact that Judge Bartle is in the majority, and that his reasoning has been expressly adopted by two other judges, is even stronger evidence that his decision to deny Plaintiff's motion to remand in Guddeck I was not clearly erroneous.  See in accord, In re Benedictin Prods. Liab. Litig., 749 F.2d 300, 305-06 (6th Cir. 1984) (where a "theory has been endorsed by several courts," a district court was "not clearly erroneous as a matter of law" in utilizing that theory).

Therefore, this Court need not even reach the merits of Judge Bartle's decision. However, in the interest of completeness, this Court will consider Judge Bartle's decision on the merits, and for the reasons in the next section, it finds that his decision denying Plaintiff's motion to remand in Guddeck I was not clearly erroneous.

### 3. Judge Bartle's decision to deny Plaintiff's motion to remand in Guddeck I was not clearly erroneous.

As she again does here before this Court, Plaintiff offered Judge Bartle two rationales for remand: first, that the 2013 removal constituted an improper review of a remand order, and therefore, was barred by the 1-year time limitation in 28 U.S.C. § 1447(d); and second, that the 2013 removal was barred as untimely by 28 U.S.C. § 1446(b). Judge Bartle rejected both arguments, relying heavily on the Third Circuit's opinion in Doe v. American Red Cross, 14 F.3d 196 (3d Cir. 1993) (hereinafter "Doe"), and noting that "the parallels to Doe in the present case are striking." Guddeck I, 957 F. Supp. 2d at 625.[12]

This Court finds that Judge Bartle's decision not to remand in Guddeck I was not clearly erroneous, either with regard to 28 U.S.C. § 1447(d), or with regard to 28 U.S.C. § 1446(b).

### a. 28 U.S.C. § 1447(d)

In order to determine whether Judge Bartle's finding that, pursuant to Doe, the 2013 removal was not barred by 28 U.S.C. § 1447(d), the Court first looks to the Doe opinion, itself.

---

[12] In Doe, as in the present case, multiple lawsuits were filed against a single defendant in the state courts of Pennsylvania. 14 F.3d at 197-98. In Doe, as in the present case, that defendant removed to the U.S. District Court for the Eastern District of Pennsylvania, only to have the case remanded—the difference being that in Doe the reason for remand was that the District Court was not persuaded by the defendant's argument that its federal charter conferred original federal jurisdiction. Id. at 198. Subsequently, while the Doe cases were pending in the state courts, a higher court—in Doe it was the U.S. Supreme Court—issued an opinion in a separate but similar case that effectively overruled the basis for the Eastern District of Pennsylvania's earlier remand order. Id. at 197-98 (citing American National Red Cross v. S.G., 505 U.S. 247 (1992) (hereinafter "S.G."). As a result, and just as in the present case, the defendant in Doe made a second removal, citing the higher-court's opinion. Doe, 14 F.3d at 198. In Doe, as in the present case, the plaintiffs moved to remand, arguing both that the second removal was untimely under 28 U.S.C. § 1446 and that the second removal constituted an improper review under 28 U.S.C. § 1447; but this time the District Court denied their motion on the basis of S.G., and the Third Circuit affirmed.

In <u>Doe</u>, the Third Circuit identified three independent reasons for holding that the defendant's

second removal was not barred by 28 U.S.C. § 1447(d), the first being that:

> [T]he very case history of <u>S.G.</u> belies [the plaintiffs'] argument that a case once
> remanded may never be removed because of the bar of Section 1447(d).  The
> New Hampshire district court remanded the <u>S.G.</u> action back to the state court
> after the Court of Appeals for the First Circuit held that the district court did not
> have jurisdiction.  Aware of the remand, the Supreme Court nevertheless rejected
> the plaintiffs' argument that Section 1447(d) barred the Court from reviewing the
> remand order.

<u>Doe</u>, 14 F.3d at 200.  Additionally, the <u>Doe</u> court offered as a second independent reason that,

pursuant to <u>S.G.</u>, the defendant's second removal *was not* an appeal or review of the previous

removal, but rather, was a new removal based upon the holding in <u>S.G.</u>:

> [T]he Red Cross is neither appealing the first remand order nor seeking a
> second removal based on the same grounds as the first.  In the first removal, the
> Red Cross contended that its congressional charter permitted removal by
> conferring on the federal courts original jurisdiction.  The district court disagreed
> with the Red Cross's interpretation of the "sue and be sued" provision in its
> charter and ordered the case remanded.  While the case was pending in state court,
> the Supreme Court settled the previously uncertain law by holding that the Red
> Cross charter permitted removal.  The Red Cross filed a second removal and did
> not rehash its original argument, but instead cited as its authority a new and
> definitive source, the intervening order of the highest court in the land.
>    . . .
> Because the Red Cross is neither appealing the remand order nor seeking
> review in the district court of its original removal, we agree that there would
> appear to be no reason why this court could not properly determine that the
> Court's earlier order of remand, which has now been demonstrated to have been
> decided erroneously, should be reversed, and that the Red Cross is now permitted
> to remove the case.  We see nothing in Section 1447(d) prohibiting the filing of a
> second removal petition pursuant to Section 1446(b).

<u>Id.</u> (internal citation, quotation, and alteration omitted).

Citing to both of these foregoing passages, Judge Bartle concluded that, in accordance

with <u>Doe</u>, Defendant's second removal in the present case made pursuant to the Third Circuit's

decision in <u>Lucier</u>, <u>supra</u>, was not barred by 28 U.S.C. § 1447(d).

Upon review of Doe and of the record in the present case, this Court finds the two to be sufficiently similar such that Judge Bartle was not clearly erroneous in holding that, pursuant to Doe, Defendant's 2013 removal was not barred by 28 U.S.C. § 1447(d).  Plaintiff seeks to distinguish Doe on the grounds that the Doe court was controlled by specific language from S.G. that expressly applied that decision to any cases that the Red Cross was presently defending— which necessarily would have included Doe—noting that no such language appears in the Third Circuit's Lucier decision.  (Pl.'s Reply [Docket No. 63], at 7-8).  However, the Doe court did not rely only on the type of specific language that appeared in S.G., but rather, it described such an express authorization to initiate a second removal as "[a] *third independent* reason" to find that removal was not barred by 28 U.S.C. § 1447(d).  Doe, 14 F.3d at 200 (emphasis added).  Thus, under the plain language of Doe, the Third Circuit ***did not*** hold that the type of specific language authorizing removal that appeared in S.G. was a condition precedent to a second removal, but rather, it held that such language merely provided an alternative rationale in support of the second removal.

In the present case, this Court finds that Judge Bartle's reliance on the first two rationales offered up by the Doe court was not clearly erroneous.  Doe established as a matter of Third Circuit law, which was binding on Judge Bartle, that 28 U.S.C. § 1447(d) does not act as a complete and absolute bar on the subsequent removal of a case that was previously remanded for lack of subject matter jurisdiction.  Doe, 14 F.3d at 200.  Judge Bartle was not clearly erroneous where, in Guddeck I, 957 F. Supp. 2d at 624, he relied upon Doe in rejecting "the argument that a lawsuit once remanded can never again be removed."  Additionally, Doe established as a matter of Third Circuit law that where a case has been remanded to a state court and a subsequent court order demonstrates that the basis underlying the earlier remand had been

erroneous, that subsequent court order may serve as the basis for a second removal. <u>Doe</u>, 14 F.3d at 200.  Given the factual similarities between <u>Doe</u> and the present case, Judge Bartle was not clearly erroneous where, in <u>Guddeck I</u>, 957 F. Supp. 2d at 624, he relied upon <u>Doe</u> in holding that <u>Lucier</u> constituted just such an order.

With regard to 28 U.S.C. § 1447(d), this Court finds that Judge Bartle **was not** clearly erroneous in his holding in <u>Guddeck I</u> that Defendant's 2013 removal was not barred by § 1447(d).

### b.   28 U.S.C. § 1446(b)

Again, this Court begins with <u>Doe</u>, which was binding upon Judge Bartle, and in particular, with the <u>Doe</u> court's determination that the Supreme Court's opinion in <u>S.G.</u> constituted an "order" upon which the <u>Doe</u> defendant could initiate a second removal after the case had been previously remanded.[13]  The <u>Doe</u> court held the Supreme Court's opinion in <u>S.G.</u>

---

[13] Plaintiff argues that this Court should, instead, look to Eighth Circuit law, and specifically argues that in <u>Dahl v. R.J. Reynolds Tobacco Co.</u>, 478 F.3d 965 (8th Cir. 2007), the Eighth Circuit refused to follow <u>Doe</u>.

Initially, as set forth in Part II.A, <u>supra</u>, for purposes of the present Motion this Court does not look to the Eighth Circuit, but rather, because the standard of review requires a determination of whether Judge Bartle's decision in <u>Guddeck I</u> was clearly erroneous, we look instead to the relevant precedent binding Judge Bartle, i.e., to Third Circuit case law.

Additionally, even if this Court were to look to Eighth Circuit law, Plaintiff still would not prevail on this argument because she overstates the applicability of <u>Dahl</u> to the present case.  Plaintiff cites <u>Dahl</u> for the proposition that "an order from an unrelated case cannot satisfy section 1446(b)'s requirement that an 'amended pleading, motion, order or other paper' support a defendant's removal attempt."  (Pl.'s Mem. [Docket No. 55], at 7 (citing <u>Dahl</u>, 478 F.3d at 970-71)).  However, the <u>Dahl</u> court refused to apply <u>Doe</u> in large part because the <u>Dahl</u> defendant sought relief on the basis of an intervening order in a case *to which it was not a party*:

> R.J. Reynolds was not a party to [<u>Watson v. Philip Morris Co.</u>, 420 F.3d 852 (8th Cir. 2005)] . . ., and R.J. Reynolds has failed to show that the reasoning in <u>Doe</u> . . . should expand the concept of "amended pleading, motion, order or other paper" to include an opinion issued in an unrelated case ***with completely different parties***.  We conclude that R.J. Reynolds' receipt of a copy of our <u>Watson</u> opinion did not recommence the thirty day limit for filing a notice of removal since that document was not an "amended pleading, motion, order or other paper" within the meaning of § 1446(b).

<u>Dahl</u>, 478 F.3d at 970-71 (emphasis added).  In other words, the Eighth Circuit did not reject the <u>Doe</u> rule that an order from an unrelated case may provide sufficient grounds for removal under 28 U.S.C. § 1446(b); rather, the Eighth Circuit held that <u>Doe</u> was distinguishable on the facts and thus not applicable in <u>Dahl</u>.

For purposes of the present Motion, Defendant in the present case was also the defendant in <u>Lucier</u>, <u>supra</u>, and therefore, falls squarely within the <u>Doe</u> parameters for what constitutes an "order . . from which it may first be ascertained that the case is one which is . . . removable" for purposes of 28 U.S.C. § 1446(b).

constituted an "order . . . from which it may first be ascertained that the case is one which is . . .

removable" for purposes of 28 U.S.C. § 1446(b).  Doe, 14 F.3d at 201-02.  The Doe court also

strictly limited what would constitute such an order:

> [A]n order, as manifested through a court decision, must be sufficiently related to a
> pending case to trigger Section 1446(b) removability.  We believe that ***an order is
> sufficiently related when***, as here, ***the order in the case came from a court superior in
> the same judicial hierarchy, was directed at a particular defendant and expressly
> authorized that same defendant to remove an action against it in another case
> involving similar facts and legal issues***.

Id. at 202-03 (emphasis added).

In Guddeck I, supra, Judge Bartle cited the aforementioned language from Doe and

applied that standard to the present case:

> GSK removed this action in 2011 within thirty days after receipt of the complaint
> as permitted under the first paragraph of § 1446(b).  Nonetheless, GSK was
> rebuffed by the District Court which, as it turned out, erroneously remanded the
> action to the state court.  The Court of Appeals in [Lucier, supra] in effect
> reversed the District Court, in this case by holding that GSK was a Delaware
> citizen and that the prohibition in § 1441(b) against removal by an in-state
> defendant did not apply since GSK was not a Pennsylvania citizen.  The [Lucier]
> decision involved not only the same defendant as in this action but also similar
> facts and legal issues.  See Doe, 14 F.3d at 203.  Further, [Lucier] provided a new
> and different ground for a second notice of removal. Id. at 200.

Guddeck I, 922 F. Supp. 2d at 625-26.  Judge Bartle then found that Defendant's initial 2011

removal had been proper, and that "the District Court's incorrect ruling and remand of this action

is a nullity and cannot continue to stand now that the Court of Appeals has spoken that the

removal was and is proper."  Id. at 626.  Next, Judge Bartle found that by its 2013 removal

Defendant was "simply effectuating what was a timely and proper first removal."  Id.  Finally,

Judge Bartle concluded that the 1-year limitation in 28 U.S.C. § 1446(b) applied only where "the

case stated by the initial pleading is not removable," and therefore, it did not apply in the present

case because—but for the initial error of the district court in holding that Defendant was a citizen

of Pennsylvania—the case as initially pled *was* removable.  Id.  "Although the action had been

pending for more than one year before [Lucier] was decided and the second notice of removal

was filed, the second paragraph of § 1446(b) with its time limitation is not relevant because the

action was initially removable as [Lucier] has made clear."  Id. (citing Brown v. Tokio Marine

and Fire Ins. Co., 284 F.3d 871 (8th Cir. 2002)).

Plaintiff argues that Judge Bartle, in Guddeck I, failed to draw a distinction between a

removal pursuant to the first paragraph of 28 U.S.C. § 1446(b), which Plaintiff argues covers

removals pursuant to the pleadings themselves, and the second paragraph of § 1446(b), which

Plaintiff argues covers subsequent removals, including those pursuant to a court order.  This

Court is not persuaded.  Instead, applying Doe, Judge Bartle held that the second paragraph of 28

U.S.C. § 1446(b) was not applicable, because—despite the district court's initial holding to the

contrary—this case *was* initially removable; and furthermore, that because the case was initially

removable, that the 2013 removal "simply effectuat[ed] what was a timely and proper first

removal."  Guddeck I, 922 F. Supp. 2d at 626.  This Court finds that this was not a clearly

erroneous application of Doe to the present case.

Because this Court finds that Judge Bartle's decision denying Plaintiff's motion to

remand in Guddeck I was not clearly erroneous, either with regard to 28 U.S.C. § 1447(d) or

with regard to 28 U.S.C. § 1446(b), and because the Plaintiff has entirely failed to argue, much

less show, that Judge Bartle's decision denying Plaintiff's motion to remand in Guddeck I

worked a manifest injustice, the Court recommends that Plaintiff's present Motion to Remand,

[Docket No. 53], be **DENIED**.

## III.    CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that Plaintiff's Motion to Remand to [Pennsylvania] State Court,

[Docket No. 53], be **DENIED**.


Dated: May 13, 2014                                         s/Leo I. Brisbois
                                                            LEO I. BRISBOIS
                                                            United States Magistrate Judge


# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by May 27, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen (14) days** of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.